UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 04-CR-20065-SEITZ

UNITED STATES OF AMERICA,

v.

EVERETT DONOVAN WILLIAMS,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION BASED ON U.S. SENTENCING GUIDELINES AMENDMENTS**

This matter is before the Court on Defendant Everett Donovan Williams's *pro se* Motion for the Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [DE 1110]. The motion seeks a sentence reduction based on retroactively applied Amendments 505 and 782 to the U.S. Sentencing Guidelines Manual. The Government opposes the Motion [DE 1111]. Defendant has not filed a reply, and the time for doing so has passed. Because these amendments do not change Defendant's sentencing guideline range, Defendant's Motion must be DENIED.

    **I.    Background**

The facts of this case are detailed in the Order Denying Defendant's Motion for Compassionate Release [DE 1108 at 1-2]. Defendant and his co-conspirators were indicted for conspiracy to import five kilograms or more of cocaine. After a lengthy trial, the jury found the Defendant guilty and specifically checked on the verdict form that the offense involved at least five kilograms of cocaine [DE 423 at

1

1]. Defendant's Presentence Investigation Report ("PSR") attributed 11,000 kilograms of cocaine to Defendant. Defendant never objected to this amount in either his objections to the PSR or at sentencing. Based on this quantity, the Court determined Defendant's base offense level to be 38 at Defendant's sentencing on June 25, 2008. U.S. Sent'g Guidelines Manual ("U.S.S.G.") § 2D1.1(c)(1) (U.S. Sent'g Comm'n 2007).[1] His base offense level was increased three points due to his role as a manager or supervisor under U.S.S.G. § 3B1.1(b), which resulted in an adjusted level of 41. With a criminal history category of I, his sentencing guideline range was 324 to 405 months in prison, followed by supervised release.

## II.   Parties' Positions

Defendant makes three arguments to support a new sentencing hearing and ultimate reduction.[2] First, he argues that Amendment 505 and 782 apply to his sentence. The effect of the first Amendment, he contends, is a four-level reduction of his base offense level. Second, citing *United States v. Booker*, 543 U.S. 220 (2005), Defendant urges the Court to deemphasize the role of any guideline range and take other factors into consideration for his resentencing. Third, he contends that he should not be held responsible for anything more than five kilograms of cocaine, as that was all that was proven by the indictment and conviction. The ultimate result after consideration of the 18 U.S.C. § 3553(a) factors, Defendant

---

[1] While the 2007 Guidelines Manual is referenced for Defendant's original sentence, the 2021 Manual is quoted below when discussing the applicable resentencing provisions.
[2] Defendant's *pro se* Motion is construed liberally. *See Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).

concludes, is a sentencing range of 97-121 months, and an appropriate sentence is time served.

In opposition, the Government points out that Amendment 505 had been effective since November 1, 1994, and, thus, was applied to Defendant's original sentence. As for Amendment 782, the Government maintains it has no effect on Defendant's sentencing guideline range because the Amendment yields a base offense level of 38 for Defendant both before and after the Amendment, due to the significant amount of cocaine attributable to him.

### III. Discussion

The Court finds the Government's arguments persuasive. A court may reduce a prison term pursuant to 18 U.S.C. § 3582(c)(2) where a defendant's sentencing range "has subsequently been lowered by the Sentencing Commission...if such a reduction is consistent with applicable policy statements issued by the Commission." That policy statement, contained in U.S.S.G. § 1B1.10(a), echoes §3582(c)(2), and states that sentence reduction eligibility arises where an amendment to certain sentencing guidelines has the effect of lowering the applicable guideline range. Unfortunately for the Defendant, neither of the two amendments raised has the effect of lowering his sentence guideline range, and the record does not support his challenge to the quantity of drugs attributed to him.

First, Amendment 505 was already in effect well before Defendant's sentence was imposed. Thus, it was already part of the U.S. Sentencing Guidelines Manual and incorporated into the original sentence calculation.

Second, Amendment 782 reduced levels for various quantities of drugs attributed to convicted defendants under § 2D1.1(c). After Amendment 782, the base offense level of 38 applied to 450 kilograms or more of cocaine, whereas level 38 had applied to only 150 kilograms or more of cocaine at the time of Defendant's sentencing. While Amendment 782 applies retroactively to Defendant's sentence, it does not change his guideline calculation, given the quantity of drugs he trafficked. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(d); U.S.S.G. § 1B1.10 cmt. n.6.[3]

Defendant's motion is the first time he has ever raised an issue as to the 11,000 kilograms for which he was held responsible at the time of sentencing. His sentencing occurred after *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which clarified the facts that must be proved to a jury. The jury verdict form clearly reflects that the jury found him guilty of conspiring to import five kilograms or more of cocaine. The PSR clearly stated his responsibility for 11,000 kilograms as the basis for a base offense level of 38 [PSR ¶¶ 38, 39]. Defendant lodged only one objection to the PSR, and that was to the three-point increase for his role [DE 470]. He made no objection to the amount of cocaine or its basis for sentence calculation in his objections to the PSR, at the time of sentencing [DE 522], or in his appeal [DE 684 at 7]. Defendant has never moved for relief pursuant to 28 U.S.C. § 2255.

---

[3] Additionally, resentencing pursuant to these provisions "do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3). "[T]he court shall substitute only the [applicable amendment] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1).

Given this previously uncontested amount of cocaine, when the Amendment 782 changes to § 2D1.1(c) are applied to Defendant, his base offense level does not change. Thus, his sentencing guidelines range has not changed. As a result, the Court has no basis to modify his sentence. *See* 18 U.S.C. § 3582(c)(2); *United States v. Jones*, 548 F.3d 1366, 1369 (11th Cir. 2008).

Finally, Defendant's contentions regarding *Booker* are unavailing because its rule does not apply to motions under § 3582(c)(2). *See Jones*, 548 F.3d at 1369 (considering and rejecting a similar argument). Therefore, it is

ORDERED THAT Defendant Everett Donovan Williams's *pro se* Motion for the Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [DE 1110] is DENIED.

DONE AND ORDERED in Miami, Florida, this 19th day of December 2022.

*[signature]*
PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE