UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 04-CR-20065-PAS-13

UNITED STATES OF AMERICA,

v.

EVERETT DONOVAN WILLIAMS,

    Defendant.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on Defendant Everett Donovan Williams's ("Defendant") *pro se* Motion for Reconsideration [DE 1118]. Defendant asks the Court to reconsider its November 21, 2023 Order denying Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [DE 1117]. He argues that the Court and the Clerk of Court have not given him fair notice of the filings in his case in contravention of his due process rights. DE 1118 at 1.

The Court has considered the Motion, the Government's Response in Opposition [DE 1122], and the record. Defendant's Motion does not provide newly discovered evidence or demonstrate a manifest error in law or fact. Accordingly, the Motion must be DENIED.

### I.   BACKGROUND

The Court outlined Defendant's criminal history, convictions, and sentences in its November 21, 2023 Order denying Defendant's Motion for Sentence Reduction. DE 1117 at 1–2. Defendant's anticipated release date is April 15, 2026. *Find an*

1

*inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Jan. 29, 2024).

On January 9, 2024, Defendant filed his Notice of Appeal as to the Court's Order denying Defendant's Motion for Sentence Reduction. DE 1119 at 2. On February 5, 2024, the Eleventh Circuit dismissed Defendant's appeal for want of prosecution. DE 1123.

## II.   LEGAL STANDARD

Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and the Eleventh Circuit have permitted parties to file such motions in criminal cases. *Serrano v. United States*, 411 F. App'x 253, 254–55 (11th Cir. 2011) (citing *United States v. Phillips*, 597 F.3d 1190, 1199–1200 (11th Cir. 2010)). In deciding motions for reconsideration in criminal cases, courts have relied on the standards applicable to reconsideration motions in civil cases. *See, e.g., United States v. Pugh*, 426 F. App'x 876 (11th Cir. 2011) (per curiam) (noting that both civil and criminal motions to reconsider are reviewed under the same standard).

The only grounds for granting a motion for reconsideration under Federal Rule of Civil Procedure 59 are newly discovered evidence and manifest errors of law or fact. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam). A motion for reconsideration cannot simply ask the Court to reexamine an unfavorable ruling in the absence of a manifest error of law or fact. *See Jacobs v. Tempur-Pedic Int'l., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). When a litigant

thinks a district court's ruling is wrong, the proper remedy is to appeal the ruling, not reconsideration. *Id.*

### III. DISCUSSION

Defendant's Motion does not provide any newly discovered evidence or manifest error of law or fact. His only ground for reconsideration is not being afforded fair notice of the filings in the case. That is not sufficient for the Court to reconsider its Order denying Defendant's Motion for Sentence Reduction [DE 1117].

Accordingly, it is ORDERED that:

Defendant's Motion for Reconsideration [DE 1118] is DENIED.

DONE and ORDERED at Miami, Florida, this 6th day of February, 2024.

*[signature]*
PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE